```
UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          18 CR 36 (JPO)

DAVID BRITT,

                   Defendant.
------------------------------x
                                        New York, N.Y.
                                        April 3, 2018
                                        2:40 p.m.

Before:

                    HON. J. PAUL OETKEN,

                                        District Judge


                        APPEARANCES

GEOFFREY S. BERMAN
     Interim United States Attorney for the
     Southern District of New York
REBECCA MERMELSTEIN
     Assistant United States Attorney

ORRICK, HERRINGTON & SUTCLIFFE LLP
Attorneys for Defendant
BY:  ROBERT M. STERN
     MATTHEW R. SHAHABIAN

ALSO PRESENT:  Roy D. Simon, Curcio Counsel
               Lyeson Daniel, Postal Inspector
```

1             (Case called)
2             THE DEPUTY CLERK:  Starting with the government,
3    counsel please state your name for the record.
4             MS. MERMELSTEIN:  Good afternoon, your Honor.  Rebecca
5    Mermelstein for the defendant.  With me is postal inspector
6    Lyeson Daniel.
7             THE COURT:  Good afternoon.
8             MR. STERN:  Good afternoon, your Honor.  Robert Stern
9    with Orrick, Herrington & Sutcliffe on behalf of Mr. Britt.
10   With me is Matt Shahabian, also with Orrick.
11            MR. SIMON:  Good afternoon.  My name is Roy Simon.  I
12   am a professor of legal ethics emeritus at Hofstra.  I am
13   Curcio counsel for Mr. Britt.
14            THE COURT:  Good afternoon.  You can be seated.
15            Welcome, everyone.  We're here for what's called a
16   Curcio hearing which I think you all already know the meaning
17   of.  It's a hearing to address potential conflicts of counsel
18   and to determine whether those conflicts are going to be waived
19   at this time with or without separate consultation with
20   independent counsel.
21            So I'm going to essentially be questioning you,
22   Mr. Britt.  If at any point you don't understand any of my
23   questions or if you'd like an opportunity to take a break, just
24   let me know.  All right?
25            THE DEFENDANT:  Yes.

1          THE COURT:  If you would pull the mike toward you.
2  You can remain seated.
3          You are David Britt; is that right?
4          THE DEFENDANT:  Yes.  That's correct.
5          THE COURT:  How old are you, sir?
6          THE DEFENDANT:  I am 55.
7          THE COURT:  How far did you go in school?
8          THE DEFENDANT:  I went through college.
9          THE COURT:  Are you currently consulting with a doctor
10 or psychiatrist for any condition?
11         THE DEFENDANT:  None.
12         THE COURT:  Are you currently under the influence of
13 alcohol or any drugs of any kind?
14         THE DEFENDANT:  None.
15         THE COURT:  Are you feeling well enough to proceed
16 with this hearing today?
17         THE DEFENDANT:  Yes, I am, your Honor.
18         THE COURT:  Who are you represented by in this case?
19         THE DEFENDANT:  I am represented by Orrick,
20 specifically Robert Stern, Melinda Hagg, and Matt Shahabian.
21         THE COURT:  Are your attorneys retained by you, or are
22 they appointed?
23         THE DEFENDANT:  They're retained.
24         THE COURT:  Because of the conflict we're discussing
25 today, I would like to advise you of certain matters.  You

1   should understand that under the Constitution of the
2   United States and the laws of this country, you have the right
3   to the aid and assistance of counsel at all times in these
4   proceedings.
5            You're entitled to counsel of your choice, unless
6   there is a strong legal reason for disqualifying that counsel.
7   If you cannot afford an attorney, an attorney will be appointed
8   to represent you without cost.
9            Do you understand?
10           THE DEFENDANT:  Yes, I do, your Honor.
11           THE COURT:  It is essential to the idea of adequate
12  counsel in a criminal proceeding that your attorneys have no
13  conflicts or adverse interests of any kind.  That is to say,
14  they cannot, unless it is with your knowledge or consent, have
15  any conflicting interest in the case.
16           You have a right to the assistance of a lawyer whose
17  loyalty to you is undivided and not subject to any factor that
18  might intrude upon that loyalty.  The purpose of this law is to
19  ensure that you have a full, devoted defense furnished to you
20  by an attorney who has no other possible interests of any kind
21  in this matter.
22           Do you understand that?
23           THE DEFENDANT:  Yes, I do, your Honor.
24           THE COURT:  The firm of Orrick Herrington & Sutcliffe
25  or Orrick, the firm that has represented you in the present

1    matter, has also represented KPMG in various unrelated matters.

2              Do you understand that?

3              THE DEFENDANT:  Yes, I do, your Honor.

4              THE COURT:  In addition, KPMG has agreed to advance

5    your legal fees in the present matter.

6              Do you understand that?

7              THE DEFENDANT:  Yes, I do.

8              THE COURT:  The government has represented that it

9    intends to call various KPMG personnel as witnesses in any

10   trial against you in this matter.

11             Do you understand that?

12             THE DEFENDANT:  Yes, I do, your Honor.

13             THE COURT:  Do you understand that Orrick's

14   representation of KPMG, even in unrelated matters, thus creates

15   the potential conflict of interest?

16             THE DEFENDANT:  Yes, I do, your Honor.

17             THE COURT:  KPMG's advancement of your legal fees

18   similarly creates a conflict.

19             Do you understand that?

20             THE DEFENDANT:  Yes, I do, your Honor.

21             THE COURT:  Do you understand that your attorneys, who

22   are partners and an associate at Orrick, might conceivably be

23   tempted to curry favor with KPMG or take actions that might not

24   be to your benefit in order to endear himself or herself and

25   the firm to KPMG both because KPMG is a client of the firm and

1  because KPMG is advancing your fees?

2              THE DEFENDANT:  Yes, I do, your Honor.

3              THE COURT:  Do you understand that this could

4  conceivably affect the way in which Ms. Haag, Mr. Stern, and

5  Mr. Shahabian represent you going forward in the case?

6              THE DEFENDANT:  Yes, I do, your Honor.

7              THE COURT:  For example, do you understand that

8  Ms. Haag, Mr. Stern, or Mr. Shahabian might conceivably be less

9  zealous in their cross-examination of a KPMG witness so as not

10  to damage Orrick's relationship with KPMG?

11              THE DEFENDANT:  Yes.  I do understand that.

12              THE COURT:  And Ms. Haag, Mr. Stern, and Mr. Shahabian

13  might also be reluctant to make arguments at trial that cast

14  KPMG in a negative light.

15              Do you understand that?

16              THE DEFENDANT:  Yes, I do, your Honor.

17              THE COURT:  This Court, having presided as a judge in

18  several trials in this courthouse, believes that representation

19  where there is a potential conflict of interest may be

20  ill-advised.

21              Do you understand that?

22              THE DEFENDANT:  Yes, I do, your Honor.

23              THE COURT:  One of the greater dangers is that neither

24  your attorney, nor the government, nor I can foresee all the

25  issues that may arise.

1           Do you understand that?

2           THE DEFENDANT:  Yes, I do, your Honor.

3           THE COURT:  Do you understand that this is
4  particularly true in a complex case like this one?

5           THE DEFENDANT:  Yes, I do, your Honor.

6           THE COURT:  By deciding to proceed with your
7  attorneys, you are waiving any argument after your trial or
8  sentencing that your attorneys were ineffective or deficient in
9  their representation because your attorney suffered from a
10 conflict of interest by virtue of their firm's relationship
11 with KPMG and its advancement of their fees in the present
12 case.

13          Do you understand that?

14          THE DEFENDANT:  Yes, I do, your Honor.

15          THE COURT:  As a general matter, attorneys at the same
16 firm are presumed to share client confidences with each other.
17 For that reason, the law generally provides that if a conflict
18 exists for a single attorney at a firm, that client conflict is
19 imputed to the entire firm.

20          Do you understand that?

21          THE DEFENDANT:  Yes, I do, your Honor.

22          THE COURT:  As I have noted, Ms. Haag, Mr. Stern, and
23 Mr. Shahabian are affiliated with the firm of Orrick Herrington
24 & Sutcliffe.  Brian Sweet, a cooperating witness against you,
25 is also currently represented by attorneys from that him.

          At the time Mr. Sweet retained his attorneys, those attorneys did not work at Orrick.  However, in December of 2017, Orrick acquired the firm at which Mr. Sweet's attorneys work.  As a result, both his attorneys and your attorneys now work at the same firm.

          Do you understand that?

          THE DEFENDANT:  Yes, I do, your Honor.

          THE COURT:  Do you understand that Orrick's representation of both you and a cooperating witness against you creates the potential that your attorneys may have allegiances to interests that may be adverse to your own interests?

          Do you understand?

          THE DEFENDANT:  Yes, I do, your Honor.

          THE COURT:  Again, this Court having presided over several trials in the courthouse, believes that representation where there is a potential conflict of interest may be ill-advised.

          Do you understand that?

          THE DEFENDANT:  Yes, I do, your Honor.

          THE COURT:  At the time Orrick acquired Brian Sweet's attorneys' firm, Orrick erected what is sometimes known as a wall or an ethical wall.  That wall prevents your attorneys and Sweet's attorneys from sharing any confidences, documents, or information.  In essence, it means that your attorneys and

1  Sweet's attorneys will, for purposes of this matter, this case,
2  act as though they are still at separate law firms.
3             Do you understand that?
4             THE DEFENDANT:  Yes, I do, your Honor.
5             THE COURT:  Such a wall may be imperfect, however, may
6  be an imperfect measure; however.  There is always risk that
7  some confidence or document or information may nevertheless be
8  inadvertently made available to Sweet's attorneys.
9             Do you understand that?
10            THE DEFENDANT:  Yes, I do, your Honor.
11            THE COURT:  Even with such a wall, your attorneys may
12 not be as zealous or as earnest in their representation of you
13 as they might otherwise be if they did not have such other
14 interests.
15            Do you understand that?
16            THE DEFENDANT:  Yes, I do, your Honor.
17            THE COURT:  For example, your attorneys might be less
18 zealous in cross-examining Sweet in order to avoid any negative
19 effect to Sweet's attorneys' representations.
20            Do you understand that?
21            THE DEFENDANT:  Yes, I do, your Honor.
22            THE COURT:  In order to address this risk, your
23 attorneys have retained conflict-free counsel -- I understand
24 that's Mr. Simon -- who will conduct -- that's a separate
25 counsel?

1                THE DEFENDANT:  Yes.

2                THE COURT:  Sorry.

3                Have you identified the individual already or not who

4     is going to do the separate cross-examination?

5                THE DEFENDANT:  Yes.  We've interviewed a separate

6     attorney, and I think we've identified them, yes.

7                THE COURT:  To address this risk of what I mentioned

8     about the cross-examination of a particular witness, your

9     attorneys have retained a conflict-free attorney who will

10    conduct any cross-examination of Mr. Sweet at any trial.

11               Do you understand that?

12               THE DEFENDANT:  Yes, I do, your Honor.

13               THE COURT:  This means that your principal attorneys

14    will not be allowed to participate in the cross-examination of

15    Brian Sweet.

16               Do you understand that?

17               THE DEFENDANT:  Yes, I do, your Honor.

18               THE COURT:  One of the dangers is that neither your

19    attorneys for the government nor I, as I said, can foresee all

20    the issues that may arise with this conflict as well.

21               Do you understand this is particularly true in a

22    complex case like this one?

23               THE DEFENDANT:  Yes, I do, your Honor.

24               THE COURT:  By deciding to proceed with your

25    attorneys, you are waiving any argument after your trial or

1   sentencing that your attorneys were ineffective or deficient in

2   their representation of you because your attorneys suffered

3   from a conflict of interest by virtue of their firm's

4   representation of a cooperating witness against you.

5           Do you understand that?

6           THE DEFENDANT:  Yes, I do, your Honor.

7           THE COURT:  Have you discussed these conflict of

8   interest matters with your attorneys?

9           THE DEFENDANT:  Yes, I have, your Honor.

10          THE COURT:  Are you satisfied with their

11  representation of you?

12          THE DEFENDANT:  Yes, I am, your Honor.

13          THE COURT:  If you would, if you could please describe

14  for me in your own words your understanding of the potential

15  conflicts of interest that arise from your attorneys' firm's

16  representation of a cooperating witness against you.

17          THE DEFENDANT:  So the potential conflict of interest

18  comes about because my attorneys have merged -- my attorneys'

19  firm has merged with Brian Sweet's firm.  Obviously they're all

20  part of the same firm.  There's a risk that that firm may not

21  do a properly rigorous examination of Brian when he's on the

22  stand and the fear of embarrassing their fellow partner.  So to

23  combat that, we've engaged conflict-free counsel.

24          THE COURT:  Okay.  The other potential conflicts that

25  I mentioned related to the representation of KPMG -- there are

1  two sort of separate issues.  One is the fact that KPMG is
2  advancing your fees.
3         THE DEFENDANT:  Correct.
4         THE COURT:  The other is the fact that the Orrick firm
5  is representing a witness against you.  Could you explain to me
6  your understanding of why that would present a potential
7  conflict.
8         THE DEFENDANT:  Sure.  KPMG advancing my fees -- the
9  conflict there is they want to look after KPMG over me so they
10 don't incur inappropriate costs.
11        Likewise in going against witnesses for KPMG, they may
12 not have a rigorous defense in fear of getting a bad reputation
13 with KPMG causing future revenue damage to the firm.
14        THE COURT:  You have a right to consult with a lawyer
15 other than your attorneys in order to determine whether you
16 wish to proceed.  That is, you can speak with an attorney who
17 does not have any of those connections to KPMG and is not the
18 same firm that represents Brian Sweet.
19        Have you had an opportunity to talk to such a separate
20 attorney?
21        THE DEFENDANT:  Yes, I have.
22        THE COURT:  Is that Mr. Simon?
23        THE DEFENDANT:  That is Mr. Simon.
24        THE COURT:  Have you had sufficient time to consult
25 with him about this issue?

1           THE DEFENDANT:  Yes, I have, your Honor.
2           THE COURT:  Is there anything that you didn't get a
3    chance to fully air and fully discuss with independent counsel?
4           THE DEFENDANT:  No, there isn't, your Honor.
5           THE COURT:  Is there anything that the Court has said
6    that you wish to have explained further, either by him or by
7    me?
8           THE DEFENDANT:  No, your Honor.
9           THE COURT:  Everything is clear to you?
10          THE DEFENDANT:  Yes, it is, your Honor.
11          THE COURT:  You don't need any further time to discuss
12   the matter with him?
13          THE DEFENDANT:  No, I do not.
14          THE COURT:  And do you wish to proceed,
15   notwithstanding the issues that we've discussed, with Melinda
16   Haag, Robert Stern, and Matthew Shahabian of Orrick as your
17   attorneys in this case?
18          THE DEFENDANT:  Yes, I do, your Honor.
19          THE COURT:  Have you received any promises,
20   inducements, or threats with regard to your choice of counsel
21   in this case?
22          THE DEFENDANT:  No, your Honor.
23          THE COURT:  And do you agree to waive all future
24   arguments, on appeal or otherwise, that you were denied
25   effective assistance of counsel based on the potential or

1  actual conflict, depending on how it may arise in this case?
2         THE DEFENDANT:  Yes, your Honor.
3         THE COURT:  You voluntarily waive it?
4         THE DEFENDANT:  I voluntarily waive it.  Yes,
5  your Honor.
6         THE COURT:  And that waiver of conflict-free
7  representation is voluntary and knowing on your part?
8         THE DEFENDANT:  Yes, it is, your Honor.
9         THE COURT:  That concludes the questioning that I
10 believe is necessary, but I'll hear from counsel as to whether
11 they believe that any additional questioning is necessary.
12        MS. MERMELSTEIN:  No, your Honor.
13        MR. STERN:  Nothing from us, your Honor.
14        THE COURT:  Mr. Simon?
15        MR. SIMON:  No, your Honor.
16        THE COURT:  Thank you very much.  I find that
17 Mr. Britt has voluntarily and knowingly waived the conflicts,
18 and that I think concludes the matter for the purposes of this
19 Curcio hearing as to Mr. Britt.
20        MS. MERMELSTEIN:  Thank you, your Honor.
21        MR. STERN:  Thank you, your Honor.
22        (Adjourned)
23
24
25