

**VIA EMAIL**

June 4, 2018

Amanda Kramer
Rebecca Mermelstein
Jessica Greenwood
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
1 St. Andrews Plaza
New York, New York 10007

Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700

orrick.com

Melinda Haag
E mhaag@orrick.com
D +1 415 773 5495
F +1 415 773 5759

Robert Stern
E rstern@orrick.com
D +1 212 506-5000
F +1 212 506-5151

Re: *United States v. David Middendorf*, 18 CR 36 (JPO)
    Defendant David Britt's Additional Requests for Discovery

Dear Mses. Kramer, Mermelstein, and Greenwood:

On behalf of David Britt, we write regarding additional outstanding discovery to which Mr. Britt is entitled under Fed. R. Crim. P. 16, resulting from the Government's argument on May 31, 2018 and the Government's opposition brief to defendants' motion to dismiss. In light of the June 8, 2018 motion filing deadline, we ask that you provide a response to each request and a date certain by which production will be complete by June 6, 2018.

First, Mr. Britt requests production of all evidence supporting Ms. Greenwood's statements that, "the government anticipates that the evidence at trial will include testimony from the PCAOB that just with respect to 2017, as an example, it costs the PCAOB in excess of $500,000 in resources to generate its inspection list," Tr. at 44, and that, "the PCAOB not only expended those upfront costs I mentioned alleged in the indictment, but at trial we would show that in 2017, in order to recreate its inspection lists, and in light of the defendant's fraud, expended in excess of $200,000 over and above in excess of the $500,000 it expended in order to generate the lists in the first place." Tr. at 44-45. No information regarding the expense to PCAOB of creating inspection lists was included in the Indictment. Further, no discovery has been produced to date detailing expenses involved in creating inspection lists. Evidence supporting such claims is material to preparing Mr. Britt's defense and is also discoverable as information the Government apparently intends to use in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(E)(i), (iii).

Second, Mr. Britt requests production of all evidence supporting Ms. Greenwood's representations that:

> KPMG was facing a crisis. By at least 2014 it was performing twice as poorly in PCAOB inspections as its competitor firms. And its



> performance was not only bad for business, it put KPMG directly in the hot seat with the SEC. So in 2016, as the indictment alleges, as the SEC held top executives of KPMG, including its CEO, the vice chair of audits, and the defendant David Middendorf to a meeting with SEC chief account [*sic*] who told KPMG about the concerns that the SEC had about audit quality issues at KPMG based on its poor performance in PCAOB inspections. KPMG acknowledged those concerns, including issues with a particular financial metric used in auditing financial institutions known as ALLL. This was a bet-the-company moment for KPMG.

Tr. at 32-33. Any and all evidence that "KPMG was facing a crisis" and "performing twice as poorly as its competitor firms," is material to preparing Mr. Britt's defense and should be produced accordingly. Fed. R. Crim. P. 16(a)(1)(E)(i).

Mr. Britt is also entitled to all materials relating to a meeting between "top executives of KPMG, including its CEO, the vice chair of audits, and the defendant David Middendorf" and the "SEC chief account [*sic*] who told KPMG about the concerns that the SEC had about audit quality issues at KPMG based on its poor performance in PCAOB inspections," during which KPMG allegedly "acknowledged those concerns, including issues with a particular financial metric used in auditing financial institutions known as ALLL." Mr. Britt requested related material in his May 4, 2018 letter to the Government, but the Government did not address this request in its June 1, 2018 response. We ask that it do so now. Such information is material to preparing Mr. Britt's defense pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i).

Third, and relatedly, Mr. Britt requests all evidence of the Government's statement in its opposition brief that: "At trial, the Government anticipates soliciting testimony that OCA began having concerns about audit quality at KPMG based on its poor performance in PCAOB inspections by at least as early as late 2014, following the release of the PCAOB's 2013 Inspection Report for KPMG." Opp. at 7 n. 1. Evidence underlying these representations is material to preparing Mr. Britt's defense and is discoverable as information the government apparently intends to use in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(E)(i), (iii).

Fourth, Mr. Britt requests production of all evidence supporting Ms. Greenwood's representations that:

> I think the SEC's response at trial, when we talked to them about the impact of this, is the fact that one audit was improved for one issuer is really not the goal, it's to ensure that the auditing program at KPMG, and other auditors like KPMG, actually have integrity and actually have quality and can assure that future inspections and future audits of public companies are in fact properly done. The fact that you receive advanced notice and improve one inspection result does not improve the health of the financial industry.



Tr. at 35-36. Mr. Britt is entitled to evidence supporting these representations as it is material to preparing Mr. Britt's defense pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i) and is also information the Government apparently intends to present at trial. Fed. R. Crim. P. 16(a)(1)(E)(iii).

Finally, Mr. Britt requests production of all evidence supporting Ms. Greenwood's representation that "… one of the motives of the scheme at issue was to defraud the SEC with respect to its oversight of the accounting industry, the financials, and its review of PCAOB inspection rules."Tr. at 39-40. Mr. Britt requests all materials supporting this proposition as material to preparing his defense. Fed. R. Crim. P. 16(a)(1)(E)(i).

Again, given the June 8, 2018 motion deadline, we would appreciate a response to this letter by close of business June 6, 2018.

Sincerely,

Melinda Haag
Robert Stern


cc: All Counsel (via email)

3