

June 28, 2017

**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
orrick.com

Amanda Kramer, Esq.
Rebecca Mermelstein, Esq.
Assistant United States Attorneys
U.S. Attorney's Office
Southern District of New York
201 Varick Street
New York, New York 10014

**Melinda Haag**

E  mhaag@orrick.com
D  +1 415 773 5495
F  +1 415 773 5759

Re:   *David Britt*

Dear Ms. Kramer and Ms. Mermelstein:

As you know, we represent David C. Britt, a partner with KPMG LLC ("KPMG"), and write to follow up on our conversation with you on June 21, 2017.

As we discussed, on May 30, 2017 we were informed by Sidley & Austin, counsel to KPMG, that KPMG had recently received a Grand Jury subpoena from the U.S. Attorney's Office for the Southern District of New York seeking production of a forensic image of our client's personal cell phone, and that the forensic image was in turn produced to the Grand Jury. We further understand that the Securities & Exchange Commission issued a subpoena for the same forensic image, and that it was also produced to the SEC. Sidley & Austin informed us that the USAO and the SEC intend to create a taint team to address issues of privilege in reviewing the contents of our client's personal cell phone.

Mr. Britt's personal cell phone contains emails, texts, photographs and other materials that are protected by attorney-client privilege, spousal privilege and/or other applicable privileges and protections. As we explained, Mr. Britt's decision to surrender his personal cell phone to KPMG under the circumstances did not constitute a waiver of any applicable privileges or protections. He did not authorize the release of a forensic image of his personal cell phone, nor was he given any opportunity to object. We request the opportunity to review a forensic image of Mr. Britt's personal cell phone for privileged and personal material prior to any review by the United States Attorneys' Office for the Southern District of New York or the Securities and Exchange Commission.

Mr. Britt first received a request from KPMG for his personal cell phone on March 16, 2017, following an interview he gave to attorneys with the law firm of Williams & Connolly. My partner Rob Stern expressed concern about the presence of communications between Mr. Britt and his wife, children and attorneys on the phone. Williams & Connolly told Mr. Stern a refusal to surrender the cell phone would be considered a failure to comply with the cooperation obligations imposed on Mr. Britt by Section 12.4(ii) of the Partnership Agreement of KPMG LLP as amended and restated as of December 15, 2008. Mr. Stern then requested that KPMG enter into a non-waiver agreement that expressly reflected Mr. Britt's



Amanda Kramer, Esq.
June 28, 2017
Page 2

intent not to waive any applicable privileges or protections by providing his personal cell phone to KPMG. Williams & Connolly invited Mr. Stern to send a draft non-waiver agreement for their consideration. Mr. Stern also asked that Williams & Connolly provide a forensic image of the cell phone to Mr. Britt. Under the circumstances, and without any real choice, Mr. Britt surrendered his personal cell phone to KPMG/Williams & Connolly. Williams & Connolly has declined to provide Mr. Britt with a copy of the forensic image, or to return the phone.

On March 31, 2017, Mr. Stern followed up on the conversation that occurred when Mr. Britt provided KPMG with his personal cell phone with a draft non-waiver agreement to Thomas Selby of Williams & Connolly. The agreement provided, in relevant part:

> The Parties further agree and intend that to the extent KPMG and/or its agents do access any of Mr. Britt's personal information, communications with his spouse or personal attorneys or any privileged material such access was inadvertent and was not intended to operate as a waiver of any applicable privilege by KPMG or any third party.
>
> The Parties intend that any privileged materials or confidential materials contained on Mr. Britt's personal cellular telephone will continue to be protected from discovery by KPMG or any third party by the attorney-client privilege, attorney work product doctrine, and/or other applicable privileges or protections, and that production of Mr. Britt's personal cellular telephone to KPMG is not intended to and does not waive any applicable privilege of protection.

(Paras 3-4.) Mr. Stern received no response to the email or any comments to the proposed draft.

On April 17, 2017, Mr. Selby sent Mr. Stern the following email:

> As you know, KPMG is in possession of information relevant to this investigation that encompasses certain of Mr. Britt's personal documents or communications (e.g. cell phone records). To the extent that the PCAOB, SEC, DOJ or other governmental agencies request such information, KPMG intends to produce same. Please confirm that Mr. Britt does not object to KPMG's production of those documents it determines are relevant to the investigation, including those documents that may be personal to Mr. Britt.

On April 19, 2017, Mr. Stern spoke with Mr. Selby and informed him that Mr. Britt did not consent to the production of any personal privileged or confidential materials to any third party.



Amanda Kramer, Esq.
June 28, 2017
Page 3

On April 24, 2017, Mr. Stern sent an email to Mr. Selby memorializing the April 19th conversation. The email provided in part:

> To memorialize our conversation last week, we acknowledge that KPMG has collected personal information belonging to Mr. Britt in connection with its internal investigation. We believe that some of the information in KPMG's possession may be protected by one or more applicable privileges including, without limitation: spousal privilege, attorney client privilege and/or the work product doctrine. Mr. Britt does not consent to the production of such privileged information to the PCAOB, SEC, DOJ or other governmental agencies and would request that before any personal information is produced to any governmental agency Orrick be given advance notice, an opportunity to review the materials and object to production, if necessary.
>
> Please let me know if we need to discuss this further.

On April 26, 2017, Mr. Stern sent another email to Mr. Selby again attaching a draft of the non-waiver agreement. Mr. Stern once again received no response to the email. The next communication from KPMG on this subject was the May 30, 2017 email from Sidley & Austin informing Mr. Stern that the firm had produced a forensic image of the cell phone to the United States Attorney's Office and the SEC.

As detailed above, Mr. Britt has consistently asserted and reasserted his rights and taken all reasonable steps in light of the circumstances to preserve any privileged material on his personal cell phone. The phone contains privileged and confidential information relating to Mr. Britt, his wife, his children, his family and his friends. We ask for the opportunity to review a copy of the forensic image first, and to provide you with a list of any concerns we have about the release of its contents. We appreciate the offer to create a separate team of FBI agents, federal prosecutors and staff to review the phone, but it is frankly cold comfort to Mr. Britt's wife, for example, that a team of government agents, albeit a separate one, will be reading all of the texts and emails between her and her husband. We also believe, as we explained, that it is not possible to give you a complete and accurate list of names and telephone numbers such that a government taint team will be successful in identifying all privileged and confidential communications. We are in the best position to do this work, and there is no harm to the government in letting us do so. We will, as promised, send you a list of telephone numbers that we believe implicate privilege/confidentiality concerns, but again, we do not believe this list will be complete.

As we also discussed, we are asserting, and do not waive, any and all rights Mr. Britt and his friends and family may have under the Constitution and any relevant laws, including but not limited to the 4th Amendment, act of production, and privacy rights.



Amanda Kramer, Esq.
June 28, 2017
Page 4

    Finally, we understand you are coordinating this matter with Mr. Rami Sibay, counsel for the Securities & Exchange Commission. We are sending a copy of this letter to Mr. Sibay, and direct our request to the SEC as well.

    We look forward to discussing this matter further.

Very truly yours,

Melinda Haag

cc:    James Cole, Esq., Sidley & Austin
       Rami Sibay, Esq., Securities and Exchange Commission