UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.

DAVID MIDDENDORF, et al.,

              Defendants.

Case No. 18 Cr. 36 (JPO)

**REPLY BRIEF IN SUPPORT OF DAVID BRITT'S MOTION TO COMPEL
RULE 16, *BRADY*, AND OTHER DISCOVERY**

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I.     The Court Should Order the Production of All Discovery to Which Mr. Britt Is Entitled Under Rule 16 and *Brady*. ................................................................................... 1

     A.     The Government May Be Applying an Overbroad Interpretation of the Jencks Act. .......................................................................................................... 1

     B.     The Government's *Brady* Disclosures Are Likely Incomplete .............................. 2

     C.     The Government Is Obligated to Produce Communications, Including Interview Memoranda and Agent Attorney Notes, with the SEC, PCAOB, KPMG, and Their Employees. ................................................................................. 3

     D.     The Government Is Obligated to Produce Discoverable Information From Attorney Proffers. ................................................................................................... 4

     E.     The Government Is Obligated to Produce Discoverable Information About Mr. Britt's Lack of Involvement in Obtaining Inspection Lists, PCAOB Resources Expended on Inspections, KPMG "Crisis," SEC Views on Audit Quality, and Intent to Defraud the SEC. ........................................................ 4

     F.     The Government Is Obligated to Produce Opinions from KPMG Personnel Who Did Not Believe the Law Was Violated or Believed that Changes Were Appropriate or Immaterial. ............................................................................. 5

     G.     The Government Is Obligated to Make Timely Expert Disclosures. ...................... 6

II.    The Government Is Obligated to Search SEC Files for Rule 16 Discovery and *Brady* Material. ..................................................................................................................... 6

III.   The Government Is Obligated to Search PCAOB Files for Rule 16 Discovery and *Brady* Material. ..................................................................................................................... 7

IV.   The Court Should Order the Government to Review *Giglio* Material for Possible Early Disclosure. .................................................................................................................. 8

V.    The Court Should Order the Production of a Bill of Particulars. ....................................... 9

CONCLUSION ............................................................................................................................. 10

i

## INTRODUCTION

The Government's opposition spends pages describing the discovery produced to the Defendants and summarily contends that the Government has complied with its discovery obligations. But mere recitation of the discovery has nothing to do with the fact that the Government continues to withhold exculpatory *Brady* information and highly relevant Rule 16 material to which Mr. Britt and the other Defendants are entitled. The Government cavalierly dismisses the material sought as "run-of-the-mill witness statements" unnecessary to produce until the eve of trial. But the Jencks Act narrowly defines "witness statement," and the Government's classification of *all* notes and memoranda as such is disingenuous. Further, the limited *Brady* material provided to Mr. Britt just last month—in response to his specific and targeted requests—is incomplete. Moreover, the facts known to Mr. Britt show that the SEC and PCAOB served as the Government's investigatory partners in this case, but the Government claims, contrary to decisions in this district, that it does not have to search their files. And the Government has wholly ignored Mr. Britt's request for a necessary bill of particulars.

In short, although the Government repeatedly asserts that it is aware of and has complied with its discovery obligations, the record shows otherwise. This Court should order the Government to produce the Rule 16, *Brady*, and other information Mr. Britt has requested.

## ARGUMENT

**I.     The Court Should Order the Production of All Discovery to Which Mr. Britt Is Entitled Under Rule 16 and *Brady*.**

**A.     The Government May Be Applying an Overbroad Interpretation of the Jencks Act.**

In responding to Mr. Britt's motion, the Government sweepingly describes the materials sought as "statements" and argues that it need not provide "run-of-the-mill witness statements almost four months before trial." Opp. at 1. This misses the point. As Mr. Britt explained in his

opening brief, the Jencks Act defines a witness statement as "a written statement by said witness and signed or otherwise adopted or approved by him" or a "recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement … recorded contemporaneously[.]" 18 U.S.C. § 3500(e).  To the extent material being withheld by the Government does not fall within this narrow definition and yet contains discoverable information, the time for production is now—particularly where, as here, there are no witness safety concerns.  *See United States v. Coppa,* 267 F.3d 132, 138 (2d Cir. 2001) (observing that the Jencks Act was "designed to avoid … the chances that witnesses will be threatened or intimidated").  And of course the Government's *Brady* obligation "trumps the statutory power of 18 U.S.C. § 3500" even if the Jencks Act does apply.  *United States v. Rittweger*, 524 F.3d 171, 181 n.4 (2d Cir. 2008) (observing that *Brady* material must be provided in a timely manner even if memorialized in a witness "statement").

### B. The Government's *Brady* Disclosures Are Likely Incomplete.

The only *Brady* information the Government has provided to date was in response to specific requests from the Defendants.  It is implausible that the Defendants happened to guess all of the categories of *Brady* material that are in the Government's possession.  For this reason, Mr. Britt fears that the Government has not made a full disclosure of *Brady* material—despite the fact that trial is scheduled to begin in three months.  This fear is reinforced by the Government's opposition, which carefully states only that the Government "is not aware of any other information that warrants disclosure" at this time—not that it possesses no such information. Opp. at 9.  The time for disclosure is now.  With trial three months away, Mr. Britt requests that the Court order the Government to disclose all *Brady* material in its possession.  *Cf. United States v. Murgio*, 209 F. Supp. 3d 698, 726 (S.D.N.Y. 2016) (ordering production of *Brady* material is warranted when the Government has not fully complied with its obligations).

### C. The Government Is Obligated to Produce Communications, Including Interview Memoranda and Agent Attorney Notes, with the SEC, PCAOB, KPMG, and Their Employees.

The Government declined to address Mr. Britt's specific requests for communications, including interview memoranda and notes, with the SEC, PCAOB, KPMG and their employees. Instead, its opposition makes blanket statements that it will comply with its *Brady* obligations, will produce witness statements sufficiently in advance of trial, and has no obligation to produce Rule 16 material in witness statements. *See e.g.* Opp. at 9 and 13-14. While a court cannot order early production of a witness *statement* governed by the Jencks Act, *Coppa*, 267 F.3d at 145, there is no support for the Government's implicit position that it need not produce to a defendant *specific facts* material to the defense within the meaning of Rule 16 if those facts happen to be memorialized in a witness statement. *See United States v. Holihan*, 236 F. Supp. 2d 255, 264 (W.D.N.Y. 2002).[1] Mr. Britt asks that the Court order the Government to review these communications for discoverable material, including factual statements about the relationship between the PCAOB and SEC crucial to the Government's *Klein* conspiracy charge.

---

[1] In the boilerplate "Applicable Law" section of its opposition, the Government states that "Rule 16(a)(2) explicitly excludes from … discovery attorney and agent notes and reports." Opp. at 7. The Government does not invoke Rule 16(a)(2) in its analysis as its basis for refusing discovery. Nor could it. This exemption from discovery is a codification of the work product doctrine. *See* Advisory Committee Notes to 1974 Amendment to Fed. R. Crim. P. 16. While notes may constitute work product if they "reveal … mental impressions and strategic decisions about [an] investigation," *New York Times Co. v. U.S. Dep't of Justice*, 138 F. Supp. 3d 462, 475 (S.D.N.Y. 2015), the *facts* memorialized in those notes generally are not, *see Procter & Gamble Co. v. Ultreo, Inc.*, 574 F. Supp. 2d 334, 336 (S.D.N.Y. 2008). That a fact material to the defense is located in attorney or agent notes is not a basis for refusing to inform the defendant of that *fact*, although it may excuse providing the remainder of the notes. *In re Grand Jury Subpoenas dated Mar. 9, 2001*, 179 F. Supp. 2d 270, 284 (S.D.N.Y. 2001).

### D. The Government Is Obligated to Produce Discoverable Information From Attorney Proffers.

The Government also fails to address Mr. Britt's request for attorney proffer notes and memoranda except to note that "the Government intends to comply with its obligations." Opp. at 9. To date, the Government has produced no attorney proffer notes or memoranda and limited information from just one individual's attorney proffer. There are, however, numerous other ways in which attorney proffer notes may be exculpatory as to Mr. Britt. *See* Br. at 9-10; *see also United States v. Triumph Capital Grp.*, 544 F.3d 149, 161-165 (2d Cir. 2008) (undisclosed notes from attorney proffer were crucial to the defense). There is simply no excuse for the Government not having already produced any material or exculpatory information from any attorney proffer notes. *See also infra* n.1. Consequently, Mr. Britt requests the Court to compel their production.

### E. The Government Is Obligated to Produce Discoverable Information About Mr. Britt's Lack of Involvement in Obtaining Inspection Lists, PCAOB Resources Expended on Inspections, KPMG "Crisis," SEC Views on Audit Quality, and Intent to Defraud the SEC.

The Government claims that it has already produced all Rule 16 material that bears on Mr. Britt's lack of involvement in obtaining inspection lists, PCAOB resources expended on inspections, KPMG's poor performance in PCAOB inspections, including the SEC's views on KPMG's audit quality, and Mr. Britt's lack of intent to defraud the SEC. Opp. at 14. But this assertion is belied, for example, by the fact that Mr. Britt has received *no disclosures whatsoever* about PCAOB resources expended on inspections, despite the Government's very specific representations about what the data in its possession shows. *See* Br. at 11 (representations about PCAOB resources); *see also id.* at 12 (representations about conversations with the SEC).

Additionally, the Government is silent as to *Brady* material that may fall within these categories—for instance, material that bears on Mr. Britt's lack of involvement in obtaining

4

inspection lists and Mr. Britt's lack of intent to defraud the SEC—except to say generally that it has complied with its *Brady* obligations. Such information should be produced now.

### F. The Government Is Obligated to Produce Opinions from KPMG Personnel Who Did Not Believe the Law Was Violated or Believed that Changes Were Appropriate or Immaterial.

The Government's opposition contends that its June 1 disclosures about individuals who expressed opinions that the law was not violated or that audit changes were appropriate or immaterial were sufficient under *Brady*. Opp. at 10-13. The Government is wrong. Although its June 1, 2018 letter identifies individuals who provided certain information, the letter falls short of containing the "essential facts" necessary for Mr. Britt to take advantage of that information. For example, the Government lists, in a single disjointed sentence, nine individuals who conveyed one or more of several categories of exculpatory evidence to the Government—but does not indicate which individual conveyed which category of evidence or what the evidence is. *See* Haag Decl. Ex. 2 at 2-3. In another instance, the Government lists four individuals who "have expressed the view that changes made to audit work papers in 2016 were not substantive," but the Government provides no information regarding which 2016 audit work papers were discussed with these individuals (thousands were produced). *Id.* at 3. Without knowing who said what, and about which audit work papers, Mr. Britt does not know which of almost a dozen individuals has information about which of thousands of audit work papers and cannot possibly begin to make use of such information.

The Government's single-minded focus on its *Brady* obligations is also misguided. Mr. Britt also requested this information under Rule 16. The Government does not dispute that Mr. Britt is entitled to this discovery under Rule 16. *See* Opp. at 10-13. Because the Government does not contest this aspect of Mr. Britt's request, the Court should order its disclosure.

5

### G. The Government Is Obligated to Make Timely Expert Disclosures.

The Government states that it "intends to give expert notice timely in advance of trial," Opp. at 14-15, but given the technical nature of the auditing issues in this case, early disclosure of the Government's expert opinions is necessary to permit Mr. Britt's own experts to review and effectively rebut the conclusions of the Government's experts. This is all the more true in light of apparent witness accounts that any changes to the work papers were immaterial. Until Mr. Britt knows what expert testimony the Government will offer, he does not know where to focus the efforts of the defense experts. And because the Defendants have not received all audit work papers, defense experts may not be in a position to give an opinion until after the Government's experts provide theirs.

## II. The Government Is Obligated to Search SEC Files for Rule 16 Discovery and *Brady* Material.

The facts known by Mr. Britt undermine the Government's claim that it did not conduct a joint investigation with the SEC. Br. at. 15-16. Not only did they undeniably conduct a joint fact-gathering effort,[2] which courts in this district have held is sufficient to trigger *Brady* obligations, *United States v. Gupta*, 848 F. Supp. 2d 491, 493-94 (S.D.N.Y. 2012), but the record strongly suggests that the Government and the SEC made joint charging and strategic decisions:

- The Government and the SEC filed charges on the same day.

- Although many KPMG employees received allegedly confidential information from Mr. Sweet and Ms. Holder, the Government and the SEC chose to bring charges against the same set of individuals (i.e. the Defendants and Mr. Sweet).

- Mr. Sweet is cooperating with both the Government and the SEC.

---

[2] The Government and the SEC also admittedly conducted joint interviews, Opp. at 15-16, during which the SEC agreed not to take notes, Opp. at 16 n.7. Although this may increase efficiency, it is also indicative of joint fact investigation. *See Gupta*, 848 F. Supp. 2d at 493-94.

- The factual narrative in the SEC's order initiating administrative enforcement proceedings very closely mirrors the factual narrative in the Indictment. *Compare, e.g.,* Haag Decl. Ex. 8 ¶¶ 18-26; *with* Indictment ¶¶ 32-39.

This indicates that the Government and the SEC at a minimum discussed, and likely coordinated, prosecutorial strategy. *Cf. United States v. Blaszczak*, No. S1 17-CR-0357 (LAK), 2018 WL 1547092, at *1 (S.D.N.Y. Mar. 29, 2018) (observing that the Government and SEC brought charges against *different* people). Notably, the Government's brief avoids asserting that it *did not* make joint strategic and charging decisions with the SEC. *See* Opp. at 15-20.

The Government's plea that its obligation should extend to searching SEC interview notes only—of which there are reportedly none, Opp. at 20 n.8—is wrong. The Government "has a duty to learn of *any* favorable evidence known to the others acting on the government's behalf in the case." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). And the Government's claims that reviewing the SEC's files would be "time consuming and burdensome," Opp. at 17, is unavailing, particularly when the Government can summon the help of its investigatory partner.

If there is not enough information to determine whether the Government and the SEC conducted a joint investigation, Mr. Britt requests an *in camera* review of the matter.

## III. The Government Is Obligated to Search PCAOB Files for Rule 16 Discovery and *Brady* Material.

The Government contends that because "no PCAOB representatives have ever attended any interviews conducted by the Government," Opp. at 15, the Government could not possibly have conducted a joint investigation with the PCAOB. But attending interviews is not the only way an entity can "act[] on the government's behalf," thereby triggering *Brady* obligations. *Kyles*, 514 U.S. at 437. Entities may participate in joint strategy meetings, *United States v. Antone*, 603 F.2d 566, 569 (5th Cir. 1979), conduct surveillance "at the prosecutors' request," *United States v. Bin Laden*, 397 F. Supp. 2d 465, 484 (S.D.N.Y. 2005), or otherwise assist in the

7

investigation, *see United States v. Meregildo*, 920 F. Supp. 2d 434, 442 (S.D.N.Y. 2013) (there is a joint investigation when "the individual actively investigates the case, acts under the direction of the prosecutor, or aids the prosecution in crafting trial strategy").

Here, there is reason to believe that the PCAOB conducted its investigation "under the direction of the prosecutor." *Meregildo*, 920 F. Supp. 2d at 442. The Government received documents that the PCAOB identified and obtained during the PCAOB's investigation. Opp. at 15. Apparent gaps in the documents originating from the PCAOB (the dearth of emails from PCAOB personnel discussing Mr. Sweet, for one thing) suggest that the Government directed the PCAOB to provide it with certain types of curated information but not others. The Government directing the PCAOB to review its files for information material to the Government's investigation would make the PCAOB an arm of the prosecution—and present precisely the situation in which it is crucial to extend *Brady* obligations to the investigatory partner. *See Gupta*, 848 F. Supp. 2d at 494. The Government is obligated to search the PCAOB's files for exculpatory and impeachment material, including whether Mr. Sweet brought confidential documents from his prior employer with him to the PCAOB.

If there is not enough information to determine whether the Government and the PCAOB were joint investigatory partners, Mr. Britt requests an *in camera* review of the matter.

**IV.  The Court Should Order the Government to Review *Giglio* Material for Possible Early Disclosure.**

Notwithstanding the typical practice in this District, "the district court retains authority to order earlier disclosure of *Giglio* material as appropriate under the circumstances," *United States v. Wey*, No. 15-CR-611 (AJN), 2017 WL 237651, at *23 (S.D.N.Y. Jan. 18, 2017), including where material "require[s] … independent investigation to use it effectively at trial." *Id*. (quoting *United States v. Espinal*, 96 F. Supp. 3d 53, 66 (S.D.N.Y. 2015)). "The Second Circuit

has noted that 'disclosure in advance of trial can be advantageous,' particularly if the material warrants additional investigation by the defense." *United States v. Barret*, 824 F. Supp. 2d 419, 455-56 (E.D.N.Y. 2011) (quoting *United States v. Rodriguez*, 496 F.3d 221, 228 n.6 (2d Cir. 2007) and ordering early production to avoid "disrupt[ion] of the flow of trial").

The Government wholly failed to address Mr. Britt's arguments as to why certain enumerated categories of *Giglio* information would require his further investigation. Because the Government has not articulated a contrary view, Mr. Britt urges the Court to use its discretion to order the early disclosure of this and other *Giglio* information requiring further investigation.

**V.     The Court Should Order the Production of a Bill of Particulars.**

The Government does not oppose or even address Mr. Britt's request for a limited and targeted bill of particulars. *See* Opp. at 20. The Court should order the Government to provide the particulars requested in his unopposed motion.

The Government's failure to respond to Mr. Britt's request for a bill of particulars is also profoundly troubling. As Mr. Britt and the other Defendants argue in their joint motion to dismiss, the Indictment fails to state the offense of conspiracy to defraud the United States because it does not allege the specific function of the SEC the defendants agreed to impede and because it does not allege the agreed-to fraudulent conduct that would reach and impede the SEC. *See, e.g.*, Dkt. No. 82 at 5-11. To be clear, these fatal flaws in the Indictment cannot be cured by a bill of particulars. *Russell v. United States*, 369 U.S. 749, 770 (1962) ("[I]t is a settled rule that a bill of particulars cannot save an invalid indictment."). But the Government's refusal to provide even the most minimal guidance in response to Mr. Britt's request for a bill of particulars, Br. at 20-21, makes it impossible to mount an effective defense to this flawed charge.

Mr. Britt also seeks confirmation that the "confidential information from the PCAOB" in the wire fraud charges refers to the 2015, 2016, and 2017 inspection lists.  Br. at 21-22.  This was occasioned by the Government's suggestion in its opposition to the motion to dismiss that *other* confidential information could support the wire fraud charges.  *See* Dkt. No. 74 at 28; Dkt. No. 83 at 3.  Without resolution of the shifting scope of the charges that Mr. Britt is facing, it is impossible for him to prepare his defense or "plead double jeopardy in a future prosecution based on the same set of events." *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999).

## CONCLUSION

For the forgoing reasons, Mr. Britt respectfully requests that the Court grant the relief requested herein and joins fully in all other briefs filed by the other Defendants.

Dated:  July 13, 2018            Respectfully submitted,
        New York, New York

                                 /s/ *Melinda Haag*
                                 Melinda Haag (*pro hac vice*)
                                 Robert M. Stern
                                 Matthew R. Shahabian
                                 Alyssa Barnard
                                   ORRICK, HERRINGTON &
                                 SUTCLIFFE LLP
                                 51 West 52nd Street
                                 New York, NY  10019
                                 Tel: (212) 506-5000
                                 mhaag@orrick.com

                                 *Attorneys for Defendant David Britt*