UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

DAVID BRITT,

                    Defendant.

Case No. 18-cr-0036 (JPO)
WRIT OF *CORAM NOBIS* AND ORDER VACATING ORDER OF REMOVAL

[WRIT OF CORAM NOBIS AND ORDER VACATING ORDER OF REMOVAL

Upon consideration of the consent petition of the defendant, David Britt, in his own right and by his counsel, Robert Stern, for the issuance of a writ of *coram nobis*, the Court hereby finds:

1. On October 9, 2020, the Court entered a judgment adjudicating David Britt guilty, pursuant to a guilty plea, of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, in violation of Count Two of the indictment.

2. Because Britt was not a citizen of the United States and that conviction qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i), the Court entered a judicial order of removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).

3. After judgment was entered, the Second Circuit clarified that intangible regulatory information is not "property" within the meaning of 18 U.S.C. § 1343 and therefore cannot form the basis of a wire fraud conviction. *See United States v. Blaszczak*, 56 F.4th 230 (2d Cir. 2022).

4. Britt's and his codefendants' convictions relied on the misuse of intangible regulatory information to satisfy wire fraud's property element. For that reason, the United States, with this Court's approval, has dismissed the indictments filed against Britt's alleged co-conspirators, David Middendorf and Jeffrey Wada.

5. Britt's conduct also cannot support his conviction. The law is now clear that "the prosecution has offered and the record discloses no proof whatever of [property] element[] of the crime charged," and Britt's judgment of conviction therefore "has a fatal constitutional taint for lack of due process of law." *United States v. Liguori*, 438 F.2d 663, 669 (2d Cir. 1971). As such, the "circumstances" here are sufficiently "compelling" such that a writ of *coram nobis* is required "to achieve justice." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014); *see also Edwards v. United States*, 564 F.2d 652, 654 (2d Cir. 1977).

6. "[S]ound reasons exist for [Britt's] failure to seek appropriate earlier relief." *Kovacs*, 744 F.3d at 49. The Second Circuit's decision in *Blaszczak* and the United States' confession of error in his codefendants' cases provided the basis for Britt to seek relief from his conviction, and he petitioned for relief soon after those events.

7. Britt "continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Kovacs*, 744 F.3d at 49. The vacatur of Britt's conviction will remove his ineligibility to reenter the United States and allow him to be reunited with his family in the United States. It will also allow him to gain his position on the board of his family's business, to more easily clear background checks associated with credit card and housing applications, and to become eligible for additional professional opportunities in his areas of expertise.

8.  Britt is no longer in custody and therefore cannot seek a writ of *habeas corpus*.

9.  The United States consents to Britt's request for *coram nobis* relief.

IT IS HEREBY ORDERED that:

1.  The Court issues a writ of *coram nobis* and vacates David Britt's guilty plea and judgment of conviction.

2.  The Court vacates the Order of Removal entered with respect to David Britt.

BY THE COURT:

Dated:  January 16, 2024

_____
J. PAUL OETKEN
United States District Judge